UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: GEORGE P. GONZALES,     No. 23-10519-j7

    Debtor.

---

DANIEL RAEL and GERALDINE RAEL,

    Plaintiffs,

v.     Adversary No. 23-1041-j

GEORGE GONZALES,

    Defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS SUPPLEMENTED

Plaintiffs Daniel Rael and Geraldine Rael contend that they are entitled to summary judgment on their claims objecting to the dischargeability of a particular debt under 11 U.S.C. §§ 523(a)(2)(A), (4), and (6), based in large part on facts they assert are established by the issue preclusive effect of a prior State Court judgment and related findings of fact and conclusions of law.[1] Defendant George Gonzales, *pro se*, opposes summary judgment, disagreeing with several of the materail findings and conclusions made by the State Court.[2] Because Plaintiffs' Motion for Summary Judgment ("MSJ" – Doc. 8) does not contain sufficient facts in Plaintiffs numbered paragraphs identifying "Undiputed Facts" from which the Court can determine whether all

---

[1] Plaintiffs supplemented their original Motion for Summary Judgment (Doc. 8) with Plaintiffs' Supplement and Brief to their Motion for Summary Judgment ("First Supplement" – Doc. 30) and with Plaintiffs' Supplement to Motion for Summary Judgment based on Defendant's Answer to Complaint filed May 1, 2024 ("Second Supplement" – Doc. 42).
[2] *See* Answer to Plaintiff[s'] Judgment (Doc. 41).

elements required for application of issue preclusion have been satisfied, Plaintiffs' MSJ, as supplemented, will be denied.³

DISCUSSION

A. *Summary Judgment Standards*

Summary judgment will be granted when the movant demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056. The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Bacchus Indus. v. Arvin Indus.*, 939 F.2d 887, 891 (10th Cir. 1991) ("The moving party has the initial burden to show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp.*, 477 U.S. at 325)).

As part of this initial burden, the moving party must identify the material facts with respect to which it asserts no genuine dispute exists, and properly support those facts with evidence, admissions, and other materials. *See* Fed. R. Civ. P. 56(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056. Under NM LBR 7056-1, the facts the moving party contends are not subject to genuine dispute "shall be numbered and shall refer with particularity to the portions of the record relied upon." NN LBR 7056-1(a). If a party fails to comply with the requirements of the local rule, the Court may summarily deny the motion. *Id.*

---

³ Fed. R. Civ. P. 56 and NM LBR 7056-1 require that material facts not be in genuine dispute, not that the facts be undisputed. Otherwise, the party opposing summary judgment could simply dispute a fact to defeat summary judgment. The Court has treated Plaintiffs' statement of "Undisputed Facts" as a statement of facts Plaintiffs assert are not in genuine dispute.

2

B. *Issue Preclusion*

Plaintiffs rely on the issue preclusive effect of several of the State Court's findings of fact as the support for their showing that certain of the material facts they identify in their numbered "Undisputed Facts" in the MSJ are not in genuine dispute. Issue preclusion, also known as collateral estoppel, prevents a party who lost on an issue decided in a prior lawsuit from relitigating the same issue in a subsequent suit. *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

Issue preclusion may be invoked to bar relitigation of issues of fact determined in a prior state court action resulting in a final judgment to establish the all or part of the factual predicate for a claim that a particular debt is non-dischargeable in a subsequently filed bankruptcy case. *Klemens v. Wallace* (*In re Wallace*), 840 F.2d 762, 764 (10th Cir. 1988).[4] To determine the preclusive effect of a state court judgment, the bankruptcy court applies the law of the state in which the judgment was rendered. *See Sanders v. Crespin (In re Crespin)*, 551 B.R. 886, 895 (Bankr. D.N.M. 2016) ("In bankruptcy court, the general rule is that the court 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))).

Issue preclusion under New Mexico law requires satisfaction of the following elements:

> 1) the parties in the first suit must be the same or in privity with the parties in the second suit;
> 2) the second suit asserts a different cause of action than the first suit;
> 3) the issue or fact was actually litigated in the first suit; and
> 4) the issue was necessarily determined in the first suit.

---

[4] *See also Grogan v. Garner,* 498 U.S. 279, 285 n.11 (1991) ("[C]ollateral estoppel [issue preclusion] principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Taylor v. Jasper (In re Jasper)*, 356 B.R. 787, No. NM-06-092, 2007 WL 390287, at *3 (10th Cir. BAP 2007) (Table) ("Collateral estoppel [issue preclusion] may be applied in bankruptcy proceedings to determine dischargeability of a debt."), *aff'd,* 312 F. App'x 97 (10th Cir. 2008).

*Blea v. Sandoval,* 1988-NMCA-036, ¶ 18, 107 N.M. 554, 559, 761 P.2d 432, 437.[5]

If the party seeking to apply issue preclusion satisfies these four elements, the burden shifts to party opposing issue preclusion "to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding." *Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004) (quoting *Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 9, 125 N.M. 698, 701, 964 P.2d 862, 865). *See also Sergejev v. Alderman (In re Alderman)*, Adv. No. 20-1003-j, 2021 WL 866691, at *5 (Bankr. D.N.M. Mar. 8, 2021) (issue preclusion requires that the opposing party had a full and fair opportunity to litigate in the prior action).

The numbered facts in Plaintiffs' MSJ do not identify enough facts from which the Court can determine whether the last element of issue preclusion has been satisfied: namely, that the issues to be precluded in this adversary proceeding were necessarily determined in the State Court action. Plaintiffs did not identify in their numbered facts the claims at issue and that were determined in the State Court action. Without knowing what claims were before the State Court and what claims the State Court decided, this Court cannot discern what fact issues were necessarily decided by the State Court to resolve the claims.

The Court will only consider the numbered paragraphs of facts identified in a motion for summary judgment the Plaintiffs contend are not in genuine dispute, in accordance with NM LBR 7056-1(a), to determine whether Plaintiffs have demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. The purpose of

---

[5] *See also Shovelin v. Cent. N.M. Elec. Coop., Inc.,* 1993-NMSC-015, ¶ 10, 115 N.M. 293, 297, 850 P.2d 996, 1000 (elements of issue preclusion are: "(1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation."); *Ideal v. Burlington Res. Oil & Gas Co.*, 2010-NMSC-022, ¶ 9, 148 N.M. 228, 231–32, 233 P.3d 362, 365–66 (same).

the requirement that the movant clearly identify in the summary judgment motion the facts it asserts are not in genuine dispute is to give the non-moving party a fair opportunity respond to each fact the movant asserts cannot be genuinely disputed. Documents attached in support of a motion for summary judgment, such as the State Court's Finding of Fact and Conclusions of Law and the State Court judgment, cannot be used to fill in the gaps in a moving party's numbered paragraphs of facts it asserts are not in genuine dispute. Supporting documents do just that—they serve as supporting evidence to establish that facts set forth in the movant's statement of facts it contends are not in genuine dispute. The Court will not create new facts not subject to genuine dispute from the supporting documents.

Here, the facts identified in Plaintiffs' statement of facts that are not in genuine dispute do not establish the factual predicate necessary for the Court to give preclusive effect to the State Court's Findings of Fact and Conclusions of Law. Without issue preclusive effect given to those findings and conclusions, Plaintiffs have not established that the facts stated in paragraph Nos. 3, 4, 5, 6, 17, and 18 of the MSJ are not in genuine dispute, and they have not satisfied their initial burden of showing they are entitled to judgment as a matter of law based on facts not in genuine dispute.[6]

Because Plaintiffs have already supplemented the MSJ, the Court will deny the motion instead of granting leave for it to be amended or supplemented again.

---

[6] *See* Doc. 8. This ruling should not be read to suggest whether the Court would have granted summary judgment based on the facts identified in Plaintiffs' statement of "Undisputed Facts" if it had given preclusive effect to the State Court's Findings of Fact and Conclusions of Law.

5

WHEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. 8), as supplemented the First Supplement (Doc. 30) and the Second Supplement (Doc. 42), is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 11, 2024

COPY TO:

Dennis A Banning
Attorney for Plaintiffs
New Mexico Financial Law
320 Gold Ave, SW #1401
Albuquerque, NM 87102-3299

George P Gonzales
Defendant
1736 Cedar Drive
Grants, NM 87020